FILED
2026 Sep-01 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BRANDON HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:25-cv-00181-ACA-HNJ |
| | ) | |
| WARDEN HUTTON, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

The magistrate judge entered a report recommending that the court grant Defendant Warden Hutton's motion for summary judgment. (Doc. 32). Although the court advised the parties of their right to file specific written objections and the consequences of a failure to object (*id.* at 33–34), the court has not received any objections.

Mr. Howard's failure to file specific objections waives any challenge to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. The court therefore **ADOPTS** the report and **ACCEPTS** the recommendation with the following modifications. The court **WILL DISMISS** Mr. Howard's request for immediate release **WITHOUT PREJUDICE** as non-cognizable in a § 1983 action. *See Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("[E]ven if a prisoner proves an allegation of mistreatment in prison that amounts to cruel and

unusual punishment, he is not entitled to release. The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment. . . . [R]elief of an Eighth Amendment violation does not include release from confinement.") (citations omitted). The court **WILL DISMISS AS MOOT** Mr. Howard's request for injunctive relief. The court **WILL GRANT IN PART** Warden Hutton's motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of Warden Hutton and against Mr. Howard with respect to Mr. Howard's federal claim for monetary damages. The court **WILL DECLINE** to exercise supplemental jurisdiction over Mr. Howard's state law claim and therefore **WILL DISMISS** the state law claims **WITHOUT PREJUDICE**.

The court will enter a separate final judgment.

**DONE** and **ORDERED** this September 1, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE